We agree with defendants that the evidence was such that they could have been found guilty of murder, but depending on what testimony is believed, the evidence established the offense of voluntary manslaughter as well. The trial court could have concluded that there was an altercation between Davis and defendants; that Davis did not have a knife, but did threaten defendants; that defendants, due to excessive drinking, may have believed that their conduct was necessary; but that their belief was unreasonable. (*People v. Young, supra.*) Or the trial court could have concluded that Davis did have a knife, but that due to his excessive drinking, he did not pose a deadly threat to defendants; that defendants, due to excessive drinking, may have believed that their conduct was necessary; but that their belief was unreasonable. (*People v. Martinez* (1972), 4 Ill. App.3d 1072, 283 N.E.2d 268.) Or the trial court could have concluded that Davis did have a knife; that Davis dropped the knife; that defendants continued to beat Davis; that his conduct was excessive; that this amount of force was unreasonable. In this sense the hunter could have become the hunted. *People v. Scott* (1970), 123 Ill.App.2d 107, 259 N.E. 2d 594; *People v. Galarza* (1972), 3 Ill.App.3d 853, 279 N.E.2d 372.

We conclude there was ample evidence on which to base a finding of voluntary manslaughter.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS and LEIGHTON, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALONZO BAKER, Defendant-Appellant.

(No. 61061;

First District (1st Division)—April 21, 1975.

PER CURIAM.

Martin Carlson, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.